Case 3:12-cv-00022 Document 98 Filed in TXSD on 12/07/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD TUSTIN, JR., TDCJ #00443411, | § § § § | |
| Plaintiff, VS. | § § § | CIVIL ACTION NO. 3:12-CV-22 |
| BRAD LIVINGSTON, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER

Plaintiff George Edward Tustin, Jr. (TDCJ #00443411), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and Texas state law alleging that he was denied dental care in violation of his Constitutional rights. On September 29, 2016, the Court dismissed Tustin's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted and dismissed his state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) (Dkt. 93 and Dkt. 94). On November 21, 2016, Tustin filed a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) (Dkt. 97).

After looking at Tustin's filings and its own records, the Court finds that the Rule 4(a)(6) requirements are satisfied. Tustin has sworn that he first became aware of the

1

Court's final judgment on November 14, 2016, when he asked the clerk at his unit's law library to check the status of his case (Dkt. 97 at p. 1). Tustin has further sworn that, as of November 21, 2016, he had not received a copy of the Court's opinion and final judgment dismissing his case (Dkt. 97 at p. 2).

It appears that Tustin was transferred while his copy of the Court's opinion and final judgment were in the mail. The Court's records indicate that the opinion and final judgment were mailed to Tustin at the Terrell Unit on September 29, 2016. However, Tustin sent a letter to the Court dated October 3, 2016 indicating that he had been transferred to the Jester Unit (Dkt. 95). The TDCJ website indicates that Tustin is indeed now incarcerated at Jester. The Court did not learn that Tustin had not received his copies of the opinion and final judgment until Tustin filed his Rule 4(a)(6) motion. The Court sent additional copies of its opinion and judgment to Tustin at the Jester Unit on November 22, 2016.

The Court makes the following specific findings:

(1) Tustin did not receive notice of the Court's final judgment under Federal Rule of Civil Procedure 77(d) within 21 days of the judgment's entry.

(2) Tustin filed his Rule 4(a)(6) motion on November 21, 2016, 53 days after the final judgment was entered. Tustin did not receive notice of the final judgment under Federal Rule of Civil Procedure 77(d) before he filed his Rule 4(a)(6) motion. Tustin's motion was

therefore timely under Federal Rule of Appellate Procedure 4(a)(6)(B), as he filed his motion within 180 days of the entry of the final judgment.

(3) Although the defendants were served and filed motions to dismiss on the pleadings, no party will be prejudiced if Tustin's motion is granted. *See* FED. R. APP. P. 4(a)(6) advisory committee's note to 1991 amendment ("By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal.").

The Court finds that the conditions listed in Federal Rule of Appellate Procedure 4(a)(6) are satisfied and **GRANTS** Tustin's motion to reopen the time to file an appeal (Dkt. 97). The time to file an appeal is reopened for a period of fourteen days from the date of entry of this order. *See* FED. R. APP. P. 4(a)(6).

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, on December 7, 2016.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE