Case 3:12-cv-00022　Document 104　Filed in TXSD on 01/04/17　Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 04, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| GEORGE EDWARD TUSTIN, JR., § | |
| TDCJ #00443411, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:12-CV-22 |
| § | |
| BRAD LIVINGSTON, *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

Plaintiff George Edward Tustin, Jr. (TDCJ #00443411), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and Texas state law alleging that he was denied dental care in violation of his Constitutional rights. The Court dismissed Tustin's federal claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted and dismissed his state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) (Dkt. 93 and Dkt. 94).

Tustin is now requesting leave to proceed *in forma pauperis* ("IFP") on appeal (Dkt. 100). The Court **DENIES** the motion and certifies, pursuant to Federal Rule of Appellate Procedure 24 and the federal IFP statute, that Tustin's appeal to the Fifth Circuit is not taken in good faith. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* FED. R. APP. P. 24(a)(3)(A). Under the objective test enunciated in *Coppedge v.*

1

*United States*, 369 U.S. 438, 445 (1962), an appeal is not taken in good faith if it seeks review of only frivolous issues. For the reasons set out in the Court's order dismissing his complaint, Tustin's allegations failed to state a claim on which relief could be granted.

Even though this Court has certified that Tustin's appeal is not taken in good faith, Tustin has the right to challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. However, the Fifth Circuit has assigned a docket number (16-41724) to Tustin's appeal, so the fee discussed in footnote 22 of the *Baugh* opinion will be assessed in this order, regardless of whether Tustin challenges this Court's bad-faith finding. *Branum v. Fontenot*, 288 Fed. App'x 990, 991 (5th Cir. 2008); *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Accordingly, the Court further **ORDERS** that the appellate case docketing fee be taken from Tustin's prison trust account in accordance with 28 U.S.C. § 1915(b). Based on the certified inmate trust account statement provided by Tustin, the Court **ORDERS** that:

1. Tustin is assessed an initial partial filing fee of $0.06.

2. Tustin shall pay the remainder of the filing fee in periodic installments as required by 28 U.S.C. § 1915(b)(2) until the entire appellate filing fee of $505.00 has been paid. The agency having custody of Tustin shall collect the amount of the appellate

filing fee from Tustin's trust account or institutional equivalent and forward it to the Clerk of the District Court in compliance with the terms of this Order.

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 16-41724.

The Clerk of this Court shall also mail a copy of this Order to (1) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629 and (2) the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711.

SIGNED at Galveston, Texas, this 4th day of January, 2017.

_____
George C. Hanks Jr.
United States District Judge